IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| VINICIO JESUS GARCIA, TDCJ-CID No. 01828198, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:17-CV-164-Z |
| DARRYL GLENN, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION DISMISSING CIVIL RIGHTS COMPLAINT
## AND
## DENYING MOTION FOR INJUNCTIVE RELIEF

*Pro se* Plaintiff is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff filed a complaint (ECF No. 3) pursuant to 42 U.S.C. § 1983 against Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's complaint (ECF No. 3) is DISMISSED, Plaintiff's motion for an injunction (ECF No. 23) is DENIED, and Plaintiff's other pending motions (ECF Nos. 24, 26, 27, 28) are MOOT.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

In his complaint, Plaintiff argues that on multiple occasions he has failed to receive adequate indigent legal supplies. Additionally, he argues that his grievances concerning this matter are not properly investigated.

Plaintiff has also filed a Motion for Injunctive Relief requesting the Court order Defendants to provide adequate supplies.

## ANALYSIS

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

An inmate's right of access to court is not absolute. The Supreme Court has noted some of the limits on the right of access to court:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). Prison officials may place reasonable limits on the right. *See Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989). Restrictions may be imposed for security reasons. *See Procunier v. Martinez*, 416 U.S. 396, 412 (1974), *overruled on other grounds, Thornburg v. Abbott*, 490 U.S. 401 (1989). "[I]ndigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. Prison officials, however, are obligated to provide only reasonable amounts of such supplies. *Id.* at 825. For example, a prisoner does not have a basis for a civil rights lawsuit when he requested 100 sheets of paper a week and received only 75 sheets. *Felix v. Rolan*, 833 F.2d 517, 518 (5th Cir. 1987).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous, arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal marks and citations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). Indeed, he must actually identify the nonfrivolous, arguable underlying claim. *Id.* There is no constitutional violation when a prisoner has time to submit legal documents in a court despite impediments caused by officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). A civil rights claim cannot be based

on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

Here, Plaintiff has failed to articulate a specific claim where denial of access to legal supplies hindered his lawsuit. Further, Plaintiff was adequately able to litigate the present lawsuit with whatever supplies were provided to him. It is not clear from Plaintiff's complaint what specific legal or indigent supplies were denied at what time, and Plaintiff failed to plead harm.

Plaintiff also has moved for a temporary restraining order ("TRO") against Defendants. Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. FED. R. CIV. P. 65(b)(2). If a plaintiff requests for restraint extend beyond this period, then a court may construe his requests as a motion for a preliminary injunction. The plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain such relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *See Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013). A district court's ultimate issuance of a preliminary injunction is reviewed for abuse of discretion. *See id.*

Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *See Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 1789 (2014); *see also Hay v. Waldron*, 834 F.2d 481, 485 (5th Cir. 1987) (internal marks and citations omitted) (stating that "injunctive relief in the form of superintending federal injunctive decrees directing state officials is an extraordinary remedy").

Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847–48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay*, 834 F.2d at 485 (5th Cir. 1987) (internal marks and citations omitted).

Plaintiff has an adequate remedy at law to address his claims against these Defendants. Thus, he has not shown he is likely to suffer an irreparable injury absent an injunction. *See Justin Indus., Inc. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 (5th Cir. 1990). In fact, the claims presented in his request for injunctive relief only mirror the claims presented in his lawsuit. Thus, his request for injunctive relief is DENIED.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) as well as 42 U.S.C. § 1997e(a), it is ORDERED that Plaintiff's complaint (ECF No. 3) is DISMISSED without prejudice for failure to state a claim. It is further ORDERED that Plaintiff's request for injunctive relief (ECF No. 23) is DENIED. Finally, because this case is dismissed, Plaintiff's remaining pending motions (ECF Nos. 24, 26, 27, 28) are MOOT.

**SO ORDERED.**

March 2, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE